HAWAIIAN HOTELS, LIMITED, *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2448.

ARGUED JANUARY 23, 1941.  DECIDED FEBRUARY 20, 1941.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY COKE, C. J.

This cause is before us on a submission upon an agreed statement of facts entered into between the parties pursuant to section 3616, R. L. H. 1935. The Hawaiian Hotels, Limited, is referred to as the "taxpayer" and William Borthwick, the tax commissioner of the Territory, as the "commissioner." The controversy arose over the tax assessment by the commissioner against the taxpayer on liquor sold by the taxpayer during the month of July, 1939. The tax was in the amount of $3833.12. Notice of the assessment was served on the taxpayer on August 21, 1939, and on the same day the taxpayer paid the tax but expressly reserved its right of appeal from the assessment as provided by law. The facts and issues essential to an understanding of the case are quoted from the submission as follows: "I. That the said Commissioner is the duly appointed, qualified, and acting Tax Commissioner of the Territory of Hawaii. II. That the said Taxpayer is a corporation duly organized under the laws of the Territory of Hawaii and has its principal place of business in Honolulu, City and County of Honolulu, Territory of Hawaii; that the Taxpayer is the owner of certain liquor dispensaries as hereinafter set forth. III. The question in difference relates to the interpretation of *Act 222 (Ser. A-46) Session Laws of Hawaii, 1939,* known as the Hawaii Liquor Tax Act, approved by the Governor, May 13, 1939. IV. Pursuant to the authority granted him in *Section 17* of the Hawaii Liquor Tax Act the Commissioner duly adopted on June 20, 1939, after notice and public hearing, as required by law, and the Governor duly approved on June 24, 1939, those certain 'Rules and Regulations of the Tax Commissioner of the Territory of Hawaii, for the En-

forcement and Administration of the Hawaii Liquor Tax Act', which said Rules and Regulations were duly published and promulgated, as required by law, on June 26, 1939. * * * V. The Taxpayer owns and operates in Honolulu, aforesaid, and continuously since before the enactment of the said Hawaii Liquor Tax Act, has owned and operated the Royal Hawaiian Hotel, Moana-Seaside Hotel, and Waialae Golf Club. The said three establishments are licensed as dispensers-general of liquor, under the provisions of *Chapter 82, Revised Laws of Hawaii, 1935,* as amended. The said dispensers are also duly licensed 'permittees' under the Hawaii Liquor Tax Act within the meaning of *Section 2, par. 7,* of the Hawaii Liquor Tax Act, and as required by Section 3 of said Act, a permit for each said establishment having been issued by the Commissioner on June 26, 1939. VI. At 12:01 A.M., July 1, 1939, Taxpayer had in its possession, for purposes of re-sale, alcoholic beverages constituting 'liquor' within the meaning of the Hawaii Liquor Tax Act, the aggregate value of which, at the 'retail price' within the meaning of *Section 2, par. 9, Section 5,* and *Section 7* of the said Act, totaled $63,885.36. The greater portion of said liquor was located on the premises of the Royal Hawaiian Hotel, and the Waialae Golf Club. All of said liquor was purchased by the Taxpayer before July 1, 1939, and the excise tax imposed by the Hawaii Liquor Tax Act was not paid thereon prior to, nor in conjunction with, the acquisition of said liquor by the Taxpayer. * * * VIII. For the purposes of this Submission the Taxpayer admits having sold all of its said $63,885.36 worth of liquor in the month of July, 1939. Said liquor was sold to various persons for consumption on the premises, as contemplated and required by *Chapter 82, Revised Laws of Hawaii, 1935,* as amended by *Act 211 (Ser. B-61) Session Laws of Hawaii, 1937,* and *Acts 71 (Ser. B-62)* and *205 (Ser. B-63),*

*Session Laws of Hawaii, 1939,* in the case of dispensers-general. * * * X.   On August 21, 1939, * * * the Commissioner duly served the Taxpayer with notices of assessments of excise taxes under and pursuant to the Hawaii Liquor Tax Act. * * * XI.   The liquor stocks purchased by the Taxpayer prior to July 1, 1939, and on hand at the commencement of business on said day, as apportioned among the three dispensaries in question, with the tax assessed against each dispensary, are as follows:

| NAME | RETAIL PRICE | TAX |
|------|-------------:|----:|
| Royal Hawaiian Hotel | $ 57,648.61 | $ 3,458.92 |
| Moana-Seaside Hotel | 3,494.56 | 209.67 |
| Waialae Golf Club | 2,742.19 | 164.53 |
| | $ 63,885.36 | $ 3,833.12 |

XII.   On August 22, 1939, the Taxpayer filed its Notice of Appeal from the assessments to the Board of Review, First Taxation Division, Territory of Hawaii. * * * XIII. It is the contention of the Commissioner that the Taxpayer is subject to excise taxes in the amounts set forth in Paragraph XI hereof, for and on account of liquor sold by it as hereinbefore set forth, being liquor which had not been taxed prior to said sale by the Taxpayer. The Taxpayer contends that it was not intended by the enacting legislature, and the Hawaii Liquor Tax Act does not provide, that the excise of the said Act should be levied against dispensers-general with reference to the stocks of liquor purchased by the latter before, and on hand on, July 1, 1939."

Referred to in the submission are certain rules and regulations of the tax commissioner for the enforcement and administration of liquor taxes, notices from the taxpayer to file returns, etc., letters from the taxpayer to the commissioner, notice of assessments served upon the taxpayer and taxpayer's notice of appeal to the board of

review, first taxation division. Copies of these documents are attached to and made a part of the written submission.

The taxpayer in its brief states its contention to be that Act 222, Haw. Laws 1939, contains nothing which can be construed as authority for the levying of a tax on stocks of liquor on the shelves of a dispenser on the effective date of the Act (July 1, 1939), or on sales by a dispenser thereafter; that the Act, read as a whole, does not contemplate any tax other than an excise tax on the sale of liquor by the bottle or larger container to a purchaser by a wholesaler, manufacturer or retailer described as "dealers" in the Act; that there is no provision in the Act, read as a whole, providing for a tax on the sale by a dispenser of liquor by the drink for consumption on the premises.

Act 222, Haw. Laws 1939, is a statute designed, as indicated in its title, to impose tax on the sale of liquor within the Territory, providing for the collection thereof and for the enforcement of the provisions of the Act and providing for the forfeiture and suspension of licenses, etc. Paragraph 5 of section 2 defines a "dealer" as the holder of a retail dealer's license, a manufacturer's license, or a wholesaler's license, under the liquor law, who sells liquor directly to the purchaser. Paragraph 6 of section 2 defines a "dispenser" as the holder of a dispenser's license, "club" means the holder of a club license and "vessel owner" means the holder of a vessel license. "Purchaser" means a person who purchases liquor for consumption and not for resale, or a dispenser, club or vessel owner, but shall not include a person who purchases liquor for sacramental purposes. The Act defines "retail price" as the ordinary, customary or usual price (exclusive of any amount charged or collected pursuant to section 6 of the Act on account of or by way of reimbursement of the tax imposed by this Act) which a consumer would

pay a retail dealer (as defined by the Act) for the articles in respect of which the tax is imposed under this Act; provided, that the word "consumer," as used in this paragraph, shall not include a dispenser, club or vessel owner. "Sale" means any transfer of title or possession, or both, exchange or barter, in any manner or by any means whatsoever, for a consideration, but shall not include the sale of liquor for sacramental purposes or the sale of liquor by one dealer to another dealer for resale. Section 5 of the Act provides that "every dealer and every person (other than a dealer) who sells liquor to a purchaser shall, in addition to any other taxes provided by law, pay an excise tax, which is hereby imposed, equal to six per cent of the retail price of all liquor sold by him to any purchaser; provided, (1) that such tax shall not apply to any liquor exempted, and so long as the same is exempted, from the imposition of said tax by the constitution or laws of the United States, and (2) that the tax shall be paid only once upon the same liquor." The statute in question was approved May 13, 1939, but the imposition of the tax did not begin until July 1, 1939.

The tax imposed by the Act is clearly an excise tax. In no sense can it be classified as a property or personal tax and the taxpayer is in error when he argues that the tax imposed is an attempt to assess its floor stock or inventories. Had the taxpayer elected to retain the stock of liquor which it had on hand on July 1, 1939, no tax could have been levied against it under the statute in question. It did not do so but on the contrary sold the entire stock to the public during the month of July, 1939. The sale was not by a dealer to another dealer nor was the liquor sold for sacramental purposes. It was not liquor upon which the tax in question had previously been paid. It is conceded by the taxpayer that the aggregate value of the liquor at the retail price, within the meaning

of the statute and disposed of by the taxpayer in the month of July, 1939, was $63,885.36.

The legislature apparently saw no reason why a person having a stock of liquor on hand at the time the Act became effective, and who subsequently sold it, should be treated more favorably than the person who sold liquor purchased after the statute took effect. It is the sale, not the purchase of the liquor, which determines the tax liability.

It perhaps is correct to assume that in most cases the tax will be paid by a dealer. But in order that all vendors of liquor might be treated alike, the legislature expressly required that "every dealer and every person (other than a dealer) who sells liquor to a purchaser shall * * * pay an excise tax," etc. The taxpayer in the present case plainly falls within the above general classification. It is wholly immaterial whether the sales by the taxpayer were in bulk, by the bottle or otherwise.

An attempt has been made by the taxpayer to invoke the rules of statutory construction on the theory that Act 222, Haw. Laws 1939, is ambiguous. The statute contains no provisions which the taxpayer may complain of as discriminatory, harsh, unjust or unusual. Its terms are clear, unmistakable and free from ambiguity. Hence the statutory rules of strict or liberal construction have no application.

The construction or interpretation of a statute may be indulged in only in case of ambiguity or uncertain meaning. Where, as in this case, the language is plain and unmistakable, there is no room for construction—there is nothing to construe. The statute speaks for itself. (See *W. Au Hoy* v. *Ching Mun Shee*, 33 Haw. 239, 242; 59 C. J., pp. 952-957.)

The taxpayer, upon the sale of the liquor in question, became liable for the tax of six per cent of the retail

price of the liquor sold as provided for in section 5 of the statute.

The assessment appealed from is affirmed.

*W. B. Stephenson* (*Thompson & Russell* on the briefs) for the taxpayer.

*R. V. Lewis*, Deputy Attorney General (*J. V. Hodgson*, Attorney General, with her on the brief), for the tax commissioner.